UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RICARDO MELENDEZ-PEREZ,

    Petitioner,

-vs-                                    Case No.

United States of America,       Criminal No. 98-164(DRD)

    Respondent.
_____/

[WRIT OF HABEAS CORPUS/MODIFICATION OF SENTENCE]

Petitioner Ricardo Melendez-Perez in proper person and pursuant to 28 USC §2255 [or] 18 USC §3582(c)(2), hereby files this petition requesting **resentencing**.

In support thereof, Petitioner states;[1]

I. <u>Statement of the Case and Facts:</u>

1. Effective <u>Nov. 01, 2002</u> the US Sentencing Commission amended the USSG § 3B1.1 by requiring a guideline level of (30) as the starting point when a defendant is determined to qualify under either the **minor** or minimal role participant. <u>See</u>, §3B1.2, App.C. Amendment 640.

2. On <u>Nov. 15, 2002</u>, petitioner pursuant to a plea agreement received an adjustment for minor role participant, however, the base off

---

[1] This is petitioner <u>first</u> ever filed collateral petition.

ense level was not adjusted to the starting point of level (30) but instead at level (38).[2]

Petitioner was sentence to 144 months after the reduction of minus 2 levels for minor role under USSG §3B1.1(b) and another 3 levels for accept. responsibility under §3E.1 arriving at guideline level 33 and a sentence between 135-168 months.

3. Had petitioner received the correct guideline level at (30) and the minus 5 levels of downward adjustment, then petitioner sentence should have been at level 25, between 57 and 71 months.[3]

4. On or around Sept. 2004, petitioner for the first time became aware through other prisoners that a minor role adjustment guideline level starts at level (30) for any drug offense involving over guideline level 30 due to drug quantity. He was informed that such new law became effective Nov. 01, 2002. After realizing that his sentence was imposed after the law took effect, petitioner contacted his family to review his plea agreement and his PSI to determine if such law was waived or even mention. Both the plea agreement and the PSI did not discussed nor did petitioner waived the guideline amendment 640 for minor role participant. On or around late Oct or early Nov. 2004, petitioner contacted his sentencing attorney to request **why he did** not benefit from such new law. Counsel informed petitioner that since he pleaded quilty under rule 11(c), such amendment 640 was not applic-

---

[2] Petitioner pleaded quilty to count (I) of the indictment charging a a conspiracy to distribute herion and cocaine. The indictment did not specify drug quantity. The plea agreement reveals that petitioner stipulated that his offense involved over 150 kilos of cocaine.

[3] There's a possibility that there's an 10 year minimum mandatory sentence limitation based on the plea of over 5 kilos, however, the indictment nor did the plea specify 21 USC §841(b)(1)(A) but instead §846 and §841(a)(1), and obviously the indictment did not specify any drug quantity. Thus, leaving to the inescapable conclusion that petitioner sentence falls under §841(b)(1)(C) of from 0 thru 20 yrs w/o any minimum mandatory limitations.

able to his case.[4]

5. Petitioner plea agreement was still undertaken under the sentencing guideline provisions and not under any specific term of imprionment.

This petition now follows;[5]

## II. Issues:

(A) PETITIONER SENTENCE IMPOSED IS ILLEGAL UNDER THE LAWS OF THE UNITED STATES;

Under amendment 640, effective Nov. 01, 2002, petitioner minor role adjustment entitles him to a guideline level of (25) and a sentence between 57-71 months.

(B) PETITIONER WAS DEPRIVED OF HIS DUE PROCESS RIGHTS BY THE COURT SENTENCING PETITIONER WITHOUT KNOWLEDGE OF RELEVANT INFORMATION TO DETERMINE THE CORRECT SENTENCE TO IMPOSE;

The sentencing court failed to acknowledge/determine that petitioner's minor role participant entitles petitioner to a guideline level at 30 before downward adjustment due to amendment 640 of the USSG, effective Nov. 01, 2002.

(C) THE COURT COMMITTED REVERSIBLE/FUNDAMENTAL ERROR AND/OR LACKED JURISDICTION WHEN IT IMPOSED PETITIONER'S SENTENCE;

(i) By determining, on Nov. 15, 2002, that petitioner qualifies for a minor role participant under USSG §3B1.1 without application to amendment 640 as effective Nov. 01, 2002.

(ii) Petitioner received ineffective assistance of appellate counsel for failing to raise such sentencing error on appeal.

---

[4] Counsel's name is Jorge Arroyo, Esquire at Metroparque VII Bld First St., Metro Office Park San Juan, P.R. 00968

[5] The plea agreement does not waive any right to appeal the sentence or to collateral attack any sentence imposed.

-3-

(D) INEFFECTIVE ASSISTANCE OF COUNSEL;

(i) By counsel misrepresentation and/or ignorance and/or inadvertence in not informing petitioner of his eligility to receive the benefits of amendment 640, effective Nov. 01, 2002 due to petitioner's minor role adjustment.

(ii) By counsel misrepresentation in failing to inform the court on petitioner's eligibility to receive the benefits of amendment 640 as effective Nov. 01, 2002 due to petitioner's minor role adjustment.

## III. Conclusion:

6. Wherefore petitioner respectfully requests that this Court grants this petition by resentencing petitioner under amendment 640 of USSG effective Nov. 01, 2002 and a sentence between 57-71 months and/or grant any other relief deemed just and reasonable under the facts of this case. Thank You.

Respectfully submitted,

RICKY MELENDEZ-PEREZ
#23287-018
FPC-pensacola
110 Raby Ave
Pensacola, Fl 32509

I hereby cerify under the penalty of perjury that the foregoing is true and correct to the best of my abilities.

RICKY MELENDEZ-PEREZ

I hereby certify that a true and correct copy of the instant petition was forwarded this 12th day of Dec 2004 via US mail to the following persons; Jorge Arroyo Defense counsel and the AUSA Edwin Vazquez-Berrios, San Juan P.R.

RICKY MELENDEZ-PEREZ