UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,          *

v.                                 *     CR. NO. 00-140(DRD)
                                         00-164(DRD)
LUIS ARMANDO TORRES PEREZ,         *

Defendant.                         *

-----------------------------------------x

### ORDER

Because of the expected length of the trial in this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, pursuant to paragraph 2.30 A of the Guidelines for the Administration of the Criminal Justice Act, the following procedures for interim payments shall apply during the course of your representation in this case:

1. Submission of Vouchers

Counsel may submit to the court clerk, on a monthly basis, an interim CJA Form 20, "Appointment of and Authority to Pay Court-Appointed Counsel." Compensation earned and reimbursable expenses incurred in said month shall be claimed on an interim voucher submitted no later than the tenth day of the next month. The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment until the initial month of interim request; thereafter, the vouchers shall be submitted monthly. Counsel shall strike the pre-printed numbers on all but the first CJA Form 20 submitted and substitute the number appearing on the first voucher therefore. In addition, counsel shall complete Item 21 of the form. Each voucher shall be numbered in series and include the time period each covers. Interim vouchers may be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized

2

time and expense statements. Chapter II, Part C of the <u>Guidelines for the Administration of the Criminal Justice Act</u> outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher. Counsel may at their discretion submit on a regular basis only one final voucher.

The court shall review the interim voucher when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid based on the number of hours. The court will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, each counsel shall submit a final voucher. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, the court will submit it to the Chief Judge of the Circuit or his/her delegate for review and approval.

2. <u>Reimbursable Expenses</u>

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $300.00 without prior approval of the Court. Such approval may be sought by filing an *ex parte* application with the Clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such approval may be filed *in camera*, if necessary. Upon finding that the expense is reasonable, the court will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $100.00 on one or more interim vouchers are not considered single expenses requiring Court approval.

3

With respect to travel outside of the city of San Juan for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc., the $300.00 rule should be applied in the following manner: Travel expenses such as mileage, parking, meals, and lodging can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $300.00, the travel should receive prior approval of the Court.

The following additional guidelines may be helpful to counsel:

a) Case-related travel utilizing a privately-owned automobile should be claimed at a rate of 37.5 cents per mile, plus parking fees, ferry fares, and road tolls. Transportation other than by privately-owned automobile should be claimed on an actual expense basis.

b) Actual expenses incurred for meals and lodging while traveling outside of the city of San Juan, Puerto Rico in the course of this representation, must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the Clerk.

c) Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses, if reasonably incurred. However, general office overhead, such as rent, secretarial help and telephone service are not reimbursable expenses, nor are items of a personal nature. Expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by F.R.Cr.P. 17 and 28 U.S.C. § 1825.

3. <u>Further questions or guidance</u>

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. §3006A; (2) the Plan of the United States District Court for the District of Puerto Rico, available through the Clerk, and (3) <u>Guidelines for the Administration of the Criminal Justice Act</u>, published by the Administrative Office of the U.S. Courts, also available through the Clerk of Court. Should these references fail to

4

provide the desired clarification or direction, counsel should address their inquiries directly to the undersigned.

This order is entered *nunc pro tunc* as of May 2000.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of December 2005.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

**APPROVED:** _____   **DATE:** _____
Jeffrey R. Howard
U.S. Circuit Judge
Designee of the Chief Judge of the
U.S. Court of Appeals, First Circuit